IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN JOSEPH LIPTOK, et al.,** | : | No. 3:15cv156 |
| Plaintiffs | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Carlson) |
| **BANK OF AMERICA,** | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is Chief Magistrate Judge Martin C. Carlson's report and recommendation (hereinafter "R&R"). (Doc. 81). The R&R proposes granting Defendant Bank of America's (hereinafter "defendant") motion for summary judgment (Doc. 69) and dismissing Plaintiffs John Joseph Liptok and a putative class's (hereinafter "plaintiffs") motion to dismiss the motion for summary judgment (Doc. 78). For the following reasons, we will adopt the R&R.

**Background**

Plaintiffs reside in one half of a duplex property located in Pottsville, Pennsylvania. (Doc. 71, Def.'s Concise Statement of Material Facts (hereinafter "SOF") ¶ 1).[1] They allege the defendant owned the other half

---

[1] We cite to defendant's SOF for statements that are unrefuted in the record. Under Local Rule 56.1, "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted

of the duplex adjoined to plaintiffs' property. (SOF ¶ 6). Defendant foreclosed its half of the duplex in December 2011, and obtained title to it from a previous owner on or about December 12, 2013. (SOF ¶ 10). On March 5, 2014, defendant sold the property. (SOF ¶ 11). Plaintiffs aver that defendant's "disrepair" of its half of the duplex caused water and structural damages to the entire property. (SOF ¶¶ 11, 13). Plaintiffs have not, however, identified when the alleged damage occurred. (SOF ¶ 14).

On October 20, 2016, Chief Magistrate Judge Carlson recommended granting defendant's motion for summary judgment and dismissing plaintiffs' motion to dismiss the motion for summary judgment. (Doc. 71). Plaintiffs filed timely objections to the R&R, and they are now ripe for disposition.[2]

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C.

---

unless controverted by the statement required to be served by the opposing party." Plaintiffs have failed to submit a counter-statement of material facts, and therefore, defendant's statement of material facts is deemed admitted.

[2] Though labeled an "objection" on the docket, plaintiffs' responsive filing to the R&R is clearly labeled a "response to [M]agistrate Judge / defense council [sic] most recent documents[.]" (Doc. 82, Pls.' Resp. at 1).

§ 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

**Discussion**

Chief Magistrate Judge Carlson recommends granting defendant's motion for summary judgment and dismissing plaintiffs' complaint for three reasons: (1) plaintiffs failed to timely oppose the motion; (2) plaintiffs have failed to prosecute their action at all stages of litigation; and (3) plaintiffs' claims fail on their merits.  We do not address the R&R's reasoning, however, because plaintiffs have failed to specifically object to it.  As a result, we must adopt the R&R and dismiss plaintiffs' complaint.

As written above, in disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan, 723 F.2d at 1085.  To obtain *de novo* review, however, federal law requires a party's objections to be specific.  Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984) (per curiam).

Here, plaintiffs do not reference, let alone object to, any of the rationale discussed in the R&R.  While they are adept at expressing their frustrations with the legal system, plaintiffs' response to the R&R amounts to mere surplusage rather than specific, substantive legal argument requiring our consideration.  As plaintiffs have not made specific objections to the R&R, they are not entitled to *de novo* review.[3]  Therefore, we will adopt the R&R, grant defendant's motion for summary judgment, and dismiss plaintiffs' motion to dismiss the motion for summary judgment.[4]

---

[3] We note that plaintiffs' response falls short of even a "general objection," which also would not entitle them to *de novo* review.  See Goney, 749 F.2d at 7 ("[P]roviding a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.").

[4] Addressing the R&R *arguendo* would not alter our conclusion.  When deciding whether to adopt a report and recommendation when no objections have been filed, we must determine if a review of the record evidences plain error or manifest injustice.  FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.
    After a careful review, we find neither a clear error on the face of the record nor a manifest injustice for three reasons.  First, plaintiffs failed to timely oppose defendant's motion for summary judgment under Local Rule 7.6, and therefore, the motion is deemed unopposed.  Second, the record reflects that plaintiffs have repeatedly failed to prosecute or to comply with court rules and orders under FED. R. CIV. P. 41(b), and therefore, pursuant to the factors articulated in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984), their claims must be dismissed.  Finally, because plaintiffs have failed to file a counter-statement of material facts under

**Conclusion**

For the foregoing reasons, we will overrule plaintiffs' objections and adopt Chief Magistrate Judge Carlson's R&R granting defendant's motion for summary judgment and dismissing plaintiffs' motion to dismiss the motion for summary judgment.  An appropriate Order follows.


**Date:** **November 16, 2016**       **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

---

Local Rule 56.1, defendant's statement of material facts is deemed admitted and the undisputed facts of record indicate that plaintiffs' claims would fail on the merits.  Thus, we would still adopt the R&R.